UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| **CHARLENE PARKER,** | **CIVIL ACTION NO. 6:14-213-KKC** |
| **Plaintiff,** | |
| **V.** | **OPINION AND ORDER** |
| **WAL-MART STORES EAST, LP** | |
| **Defendant.** | |

This matter is before the Court on the motion for summary judgment filed by defendant Wal-Mart Stores East, LP (DE 31). For the following reasons, the motion will be granted.

## I.    Background

Plaintiff, Charlene Parker, seeks compensatory damages for injuries sustained during a slip and fall which occurred on or about February 11, 2013, at Walmart Store #1113 in London, Laurel County, Kentucky. Parker and her six-year-old grandson, Austin Spencer, had traveled to Wal-Mart pick up a prescription for Austin. (DE 32, Response at 2.) The two were walking down an aisle in the store holding hands when they approached a Valentine's Day display table. (DE 32, Response at 2.) Parker tripped and fell. (DE 32, Response at 3.)  She was transported to St. Joseph Hospital in London, Kentucky, where she was treated for a left shoulder/arm fracture, a sprained left wrist, a bruise on left leg, and a contusion to the head. (DE 32, Response at 2.)

Parker asserts a negligence claim against Wal-Mart, which now moves for summary judgment in its favor.

## II.    Analysis

Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving parties bear the initial burden and must identify "those portions of the pleadings . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal citation omitted). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 322-25. Once the movant meets the initial burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.,* 477 U.S. at 324. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

For her negligence claim, Parker must present evidence that 1) "she had an encounter with a foreign substance or other dangerous condition" at Wal-Mart (2) "the encounter was a substantial factor in causing the accident and the customer's injuries;" and (3) "by reason of the presence of the substance or condition, the business premises were not in a reasonably safe condition for the use of business invitees." *Martin v. Mekanhart Corp.*, 113 S.W.3d 95, 98 (Ky. 2003).

In its motion, Wal-Mart argues that Parker can present no evidence of any dangerous condition at the store that caused her injuries.

In a statement to Wal-Mart personnel on the date of the incident, Parker stated that she did know how or why she fell. (DE 31-3, Customer Statement.) However, during her deposition, she testified that she "caught the corner of their table with my foot." (DE 31-2, Parker Dep. at 46.) She testified that the table did not have legs but that it was stacked on milk crates and her foot got caught on one of the crates. (DE 31-2, Parker Dep. at 49.) She testified that the corner of the milk crate was sticking out into the aisle and was covered by a red table apron. (DE 31-2, Parker Dep. at 66.) Parker also testified that the only thing that caused her to fall was the milk crate. (DE 31-2, Parker Dep. at 64.)

With its motion, Wal-Mart submits photographs of the area where Parker fell. The photographs were taken by Walmart employee Jennifer Brown, who was one of the employees who responded to the incident. Brown states that the photographs "fairly and accurately depict the area where the incident occurred. Nothing in the area was moved, altered, or changed between the time of Plaintiff's incident and when I took the photographs." (DE 31-6, Brown. Aff.) Brown further states "there were no milk crates or product displays stacked on milk crates" in the area. (DE 31-6, Brown. Aff.)

In the photographs, the Valentine's Day candy displays are visible, but each display is sitting atop a table with legs. (DE 31-5, photographs.) There are no milk crates or red table aprons. Parker does not dispute that the photographs are accurate depictions of the scene where the incident occurred.

In her response to Wal-Mart's motion, Parker no longer argues that it was a milk crate that caused her injuries. Instead, she argues that Wal-Mart "was negligent in placing the Valentine's

display table in the middle of the aisle. Placing the table so close to the shelving on the opposite side created such a narrow walk space that it did not allow enough room for the Plaintiff to safely walk past the table." (DE 32, Response at 3.)

Parker submits no evidence, however, that it was the placement of the table that caused her injuries. Again, in her deposition she stated that a milk crate – and only a milk crate – caused her to fall. The statements in her response indicating that it was actually the table placement that caused her to fall are not evidence. Even if the statements were sworn, a party cannot create an issue of fact in response to a motion for summary judgment by filing an affidavit that contradicts her earlier deposition testimony. *Penny v. United Parcel Serv.*, 128 F.3d 408, 415 (6th Cir. 1997)

Furthermore, even if Parker could produce evidence that the table placement caused her to fall, this condition was open and obvious. The Kentucky Supreme Court has adopted the Restatement Second of Torts' approach to the open-and-obvious doctrine. *Shelton v. Kentucky Easter Seals Soc., Inc.,* 413 S.W.3d 901, 911 (Ky. 2013). Under that approach, a condition is open and obvious if either (1) a plaintiff is subjectively aware of the condition and the risk it poses, or (2) if, objectively, both the condition and the accompanying risk "would be recognized by a reasonably man, in the position of the visitor, exercising ordinary perception, intelligence and judgment." Restatement (Second) of Torts § 343A(1) cmt. B (1965).

Where there is an open-and-obvious danger, a landowner still retains a duty "to eliminate or warn of unreasonable risks of harm" whether latent or obvious. *Shelton,* 413 S.W.3d at 914. Nonetheless, "[a] risk is not unreasonable if a reasonable person in the defendant's shoes would not take action to minimize or avoid the risk." *Id.* (citation omitted). The key question is foreseeability. If a "land possessor could reasonably foresee that an invitee would be injured by

the danger . . . but nevertheless fails to take reasonable precautions to prevent the injury, he can be held liable." *Kentucky River Med. Ctr. v. McIntosh*, 319 S.W.3d 385, 392 (Ky. 2010).

In *Coyler v. Speedway, LLC*, 981 F. Supp. 2d 634 (E.D. Ky. 2013), the plaintiff allegedly tripped over a box sitting on the floor of a Speedway gas station, but admitted that she had seen the box prior to her fall and attempted to walk around it. *Id.* at 636. The court concluded as a matter of law that the box was an open-and-obvious condition, *Id.* at 642, and that the plaintiff had failed to meet her burden of establishing a genuine issue of material fact in support of the position that her injury was foreseeable. *Id.* at 644-45. Similarly, in *Wiley v. Sam's Club, Inc.*, 2015 WL 3687440 (W.D.Ky. 2015), the plaintiff allegedly tripped over a twelve-inch tall orange cone left in the floor at a Sam's Club store. The *Wiley* Court explained that it was "difficult to imagine a more obvious condition than a twelve-inch orange warning cone, specifically designed to attract attention." *Id.* at *5.

The photographs make clear that the display at issue here was open and obvious. Indeed, like the orange cone in *Wiley*, the Valentine's Day candy display was designed to attract attention. *See Wiley*, 2015 WL 3687440, at *5. Further, Parker's deposition makes clear that she saw the display. (DE 31-2, Parker Depo. at 46).

The question then is whether Wal-Mart nonetheless breached its duty by failing to account for a foreseeable risk in this particular situation that Parker would fail to discover the obvious, forget what was discovered, or fail to protect herself against it. *Shelton*, 413 S.W.3d at 914. In contrast to the medical facilities in *McIntosh* and *Shelton*, nothing peculiar to Walmart creates a foreseeable risk that patrons would fail to discover the display, forget about it, or rush into it despite their knowledge of it. The display was open and obvious, and Wal-Mart could not be expected to take additional steps to minimize the minimal risks it posed under the circumstances.

**III.      Conclusion**

For all these reasons, the Court hereby ORDERS as follows:

1)  Wal-Mart's motion for summary judgment (DE 31) is GRANTED;

2)  this matter is DISMISSED and STRICKEN from the Court's active docket; and

3)  a judgment will be entered contemporaneously with this opinion.

Dated April 12, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY